LERNEDA HOLDING CORP., Plaintiff, *v.* KABLE NEWS COMPANY, Defendant.

First Department, April 5, 1940.

*M. Emanuel Balt*, for the plaintiff.

*Samuel A. Fried* of counsel [*Eli D. Goldsmith* with him on the brief], for the defendant.

CALLAHAN, J. Plaintiff's assignor, Style International, Inc. (hereinafter referred to as " Style "), published a monthly magazine also known as " Style." Only three issues of the magazine were published. The first issue was for the month of March, 1937, the second for the month of May, 1937, and the third issue was to be known as the " June," 1937, or " Midsummer " issue. The last issue was not in fact published until about August 11, 1937. The publishing company encountered financial difficulties, and ceased doing business after the third publication.

On November 24, 1936, before the publication of the first issue, " Style " made a contract with the defendant to distribute the magazine. After the making of that contract, the defendant agreed to make certain advances to " Style " against sums which might fall due under the delivery contract. The agreement concerning these advances was evidenced by a letter to " Style," dated February 4, 1937, which contained the following: " (2) On delivery of the first issue to advance a sum of money equivalent to twenty (20%) percent of the gross billing of that issue, and to make similar advance payments on subsequent issues if the sales warrant them."

On March 30, 1937, defendant wrote " Style " another letter which read: " Confirming our telephone conversation, please be advised that the advance payment of 20% will be continued upon the delivery of the June issue of STYLE, which we are informed will be about May 10th."

Defendant paid the twenty per cent advance against the first and second issues. These sums had been assigned by " Style " to one not a party to this action. On April 21, 1937, " Style " assigned to plaintiff $950 out of any money due or to become due from defendant as advances against the third issue. Notice of this assignment was given to defendant in May, 1937.

As noted above, the June or third issue, which was to have been issued about May 10, 1937, was delayed until August 11, 1937. Even at that late date, defendant was required to pay a bindery $200 in order to obtain a release of the magazines. Defendant knew in August that it had suffered a loss on the prior issues. In other words, *it appeared* prior to August 11, 1937, that its experience on prior sales would not warrant the making of any advance.

The question presented is whether plaintiff is entitled to recover anything from defendant by virtue of the assignment which it had received, or whether the defendant is entitled to refuse any such payment because the prior months' sales did not warrant it in paying any advance.

Under the circumstances herein disclosed, plaintiff could have no greater rights than " Style." There were no representations made by defendant directly to plaintiff.

We think that the letters to " Style " disclose an intention to have the defendant's obligation as to advances conditioned on the fact that defendant's sales experience would warrant paying them.

The letter of March 30, 1937, concerning the advance against the third issue, provided that the advance payment of twenty per cent was to be " continued." This language showed an intention to reassert the conditions expressed in the letter of February 4, 1937. The letters should at least be read together. When so construed, we think it is clear that defendant's promise to make advances against the third issue were not to be binding if, prior to the time when these advances might be due, the sales experience of defendant was such that it did not warrant making any such advances. In the face of what defendant had learned before August 11, 1937, it was clearly entitled to refuse to make any further advances. Nor do we find any basis for plaintiff's claim that defendant is estopped from asserting the condition expressed in its letters to " Style." Plaintiff was given a copy of such letters when it received its assignment. No estoppel would arise that would prevent defendant from asserting the protection which the condition imposed afforded it.

Judgment for the defendant, without costs.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Judgment directed in favor of the defendant, without costs. Settle order on notice.